IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| RUSSELL G. OLIVER, <br><br> Plaintiff, <br><br> v. <br><br> COASTAL REGIONAL COMMISSION OF GEORGIA, <br><br> Defendant. | CIVIL ACTION NO.: 2:21-cv-62 |

**O R D E R**

Presently before the Court is Plaintiff's Motion for Court Order to Obtain Georgia Department of Labor ("GDOL") Records. Doc. 56. For the following reasons, I **GRANT** the Motion.

After Plaintiff was terminated from his employment with Defendant, Plaintiff filed a claim for unemployment benefits with GDOL. Doc. 56 at 1. Plaintiff's claim was initially denied, and he appealed this determination. Id. An appeal hearing was conducted via teleconference on March 10, 2023. Id. During that appeal hearing, Plaintiff alleges a witness for Defendant gave testimony that is inconsistent with Defendant's stated reasons for terminating Plaintiff's employment in this litigation. Id. at 1–2. The Court recently reopened discovery for the limited purpose of obtaining the recording or certified transcript of the March 10, 2023 GDOL appeal hearing. Doc. 55.

Under Georgia law, records relating to unemployment hearings are private and confidential and are generally not subject to subpoena, unless a Court makes a specific finding. Weems v. Fulton Cnty. Sch. Dist., Civil Action No. 1:17-cv-2575, 2018 WL 11446907, at *1

(N.D. Ga. Dec. 11, 2018).  The statute limiting the discovery of records relating to unemployment hearings states, in pertinent part:

> Information or records deemed private and confidential under this chapter shall be available to parties to judicial or formal administrative proceedings only upon a finding by the presiding officer that the need for the information or records in the proceeding outweighs any reasons for the privacy and confidentiality of the information or records.

O.C.G.A. § 34-8-126.

I find the need for the information Plaintiff seeks greatly outweighs any reasons for privacy and confidentiality.  Plaintiff has shown the requested records are relevant to the instant case, as the information concerns the circumstances and reasons leading to the termination of Plaintiff's employment.  The alleged statement could possibly be utilized during trial, as well.  There appears to be no other way to obtain the information—i.e., the alleged inconsistent statement—without accessing the GDOL records.  Accordingly, the Court **GRANTS** the Motion and **DIRECTS** the Clerk of Court to issue a subpoena.  The Court further **DIRECTS** Plaintiff to attach a copy of this Order to the subpoena.

**SO ORDERED**, this 16th day of June, 2023.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA